UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN KOZLOWSKI and MICHELLE KOZLOWSKI,<br><br>               Plaintiffs,<br><br>  v.<br><br>STATE OF NEVADA, et. al.,<br><br>              Defendants. | 3:14-cv-00218-MMD-WGC<br><br>**ORDER** |

    Before the court is Plaintiffs' application to proceed in forma pauperis (Doc. # 1)[1] and pro se complaint (Doc. # 1-1).

### I. APPLICATION TO PROCEED IN FORMA PAUPERIS

    A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en

---

[1] Refers to court's docket number. The court acknowledges Plaintiffs' request that documents related to this case be in Arial 16 point font and double-spaced as a result of Mr. Kozolowski's impaired vision. With the exception of the single-spacing of this footnote, this document comports with that request.

banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiffs indicate that their monthly income is $1,998, which comes in the form of Social Security Disability Insurance (SSDI) payments. (Doc. # 1 at 1.) Their monthly expenses roughly equal their monthly income. (*Id.* at 2.) It appears they cannot pay the filing fee; therefore, the application to proceed in forma pauperis is granted.

## II. SCREENING

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

In their complaint, Plaintiffs name thirty four defendants who allegedly denied their rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et. seq.* (Doc. # 1-1.) The complaint makes reference to an incident that occurred on August 22, 2009, with respect to Mr. Kozlowski (Doc. # 1-1 at 5), and then states that during the same time Ms. Kozlowski's rights under the ADA were violated (*id.*). Plaintiffs go on to provide a demand with various forms of requested relief. (*Id.* at 5-.) There are no *factual* allegations that describe or otherwise inform the defendants how Plaintiffs' rights under the ADA were violated. Nor is it clear whether Plaintiff is bringing this action Title I of the ADA (prohibiting employment discrimination on the basis of disability) or Title II of the ADA (prohibiting discrimination against those with disabilities in the provision of services, programs and activities provided by a public entity).

If Plaintiffs seek to state a claim under Title I of the ADA, they must allege facts showing that: (1) they are disabled within

the meaning of the ADA; (2) they are "qualified individuals" capable of performing the essential functions of the job at issue, with or without reasonable accommodation; and (3) were unlawfully discriminated against because of their disability. *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)).

If Plaintiffs seek to state a claim under Title II of the ADA, they must allege facts showing that they are qualified individuals with disabilities as the term is defined under the ADA and were denied the benefits of the services, programs, or activities or subject to discrimination by a public entity (which includes any State or local government, department, agency, special purpose district or other instrumentality of a State or States or local government). *See* 42 U.S.C. § § 12131, 12132.

Plaintiffs must include *facts* and not simply legal conclusions demonstrating "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In addition, facts must be included with respect to *each* of the Plaintiffs' claims that their rights were violated under the ADA.

In light of these noted deficiencies, Plaintiffs' complaint (Doc. # 1-1) is dismissed without prejudice.

### III. CONCLUSION

(1) Plaintiffs' application to proceed in forma pauperis (Doc. # 1) is **GRANTED**. The Plaintiffs are permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status does not extend to the issuance of

subpoenas at government expense.

(2) The Clerk is instructed to **FILE** the complaint (Doc. # 1-1); however, the complaint is **DISMISSED WITHOUT PREJUDICE**.

(3) Plaintiffs have **THIRTY DAYS** from the date of this Order to file an amended complaint remedying, if possible, the deficiencies noted in this Order. Plaintiffs are advised that pursuant to Local Rule 15-1, if they choose to file an amended complaint, it shall be complete in itself without reference to any previous complaint. Plaintiffs shall clearly file the amended complaint as such by placing the words "AMENDED COMPLAINT" on page 1 in the caption, and shall place the case number above the words "AMENDED COMPLAINT." Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiffs are cautioned that if they fail to file an amended complaint within the time period specified above, the action may be dismissed.

**IT IS SO ORDERED.**

Dated: May 14, 2014.

_____
WILLIAM G. COBB
U.S. MAGISTRATE JUDGE