1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

STEVEN KOZLOWSKI and
MICHELLE KOZLOWSKI,

Case No. 3:14-cv-00218-MMD-WGC

7

**REPORT & RECOMMENDATION OF
U.S. MAGISTRATE JUDGE**

Plaintiffs,

8
9

v.

10

THE STATE OF NEVADA, et. al.,

Defendants.

11
12

     This Report and Recommendation is made to the Honorable

13

Miranda M. Du, United States District Judge. The action was

14

referred to the undersigned Magistrate Judge pursuant to

15

28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB

16

1-4. Before the court is Plaintiffs' Amended Complaint. (Doc. #

17

8.)[1]

18

## I. BACKGROUND

19

     Plaintiffs originally filed their application to proceed in forma

20

pauperis (Doc. # 1) and pro se complaint (Doc. # 1-1) on April 23,

21

2014. The court issued an order granting the application to

22

proceed in forma pauperis and screened the complaint pursuant

23

to 28 U.S.C. § 1915 on May 14, 2014. (Doc. # 4.) In the original

24

complaint, Plaintiffs named thirty-four defendants whom they

25

assert allegedly denied their rights under the Americans with

26
27
28

---

[1] Refers to court's docket number. The court again acknowledges Plaintiffs' request that documents related to this case be in Arial 16 point font and double-spaced due to Mr. Kozlowski's claim that he is vision-impaired. With the exception of this footnote and the caption, the document comports with that request.

Disabilities Act (ADA). The complaint referenced an incident that occurred on August 22, 2009, concerning Mr. Kozlowski, and then stated that during the same time Ms. Kozlowski's rights under the ADA were violated. (Doc. # 1-1 at 5.) The complaint contained *no factual allegations* describing or otherwise informing the defendants how their rights under the ADA were violated. Nor was it clear whether Plaintiffs were alleging violation of their rights under Title I of the ADA, in the employment context, or under Title II of the ADA, prohibiting discrimination against those with disabilities in the provision of services, programs and activities provided by a public entity.  Therefore, the court dismissed the action without prejudice, giving Plaintiffs leave to amend and instructing Plaintiffs that any amended complaint must contain factual allegations that demonstrate a plausible claim for relief. (Doc. # 4.)

Plaintiffs have now filed their amended complaint, which the court will now screen pursuant to 28 U.S.C. § 1915. (Doc. # 8.)

## II. SCREENING

### A. Standard

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure §  1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see*

*also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Discussion**

The amended complaint names twenty-nine defendants, including the State of Nevada, Douglas County, the Douglas County Sheriff's Office, the Washoe County Sheriff's Office, various "agents" of the Douglas County Sheriff's Office, the Attorney General of the State of Nevada, attorneys from the Douglas County District Attorney's Office, judiciary members, court-appointed attorneys and a private attorney. (Doc. # 8 at 5-13.)

The amended complaint asserts that various defendants encountered Mr. Kozlowski on "a public byway" on August 22, 2009, and failed to ascertain whether his strange behavior was the result of a disability. (Doc. # 8 at 13-14.) The amended complaint goes on to allege that there had been an attempt to murder Mr. Kozlowski and he was transported by helicopter to Renown Hospital in Reno, Nevada. (*Id.* at 14.) The amended complaint then asserts that Mr. Kozlowski was in a rehabilitation unit at Renown, when Jonathan Storke "tamper[ed] with an electronical [sic] device for memory of Mr. Koslowski, thus damaging Plaintiff's recording of the session." (*Id.* at 15.) He mentions being questioned by this investigator outside the

presence of an attorney. (*Id.*) Plaintiff contends "half of the 'session' was destroyed" in violation of the ADA. (*Id.*)

Next, the amended complaint claims that on March 7, 2010, while at their residence, provided various information to the Douglas County Sheriff's Office, and then the Douglas County Sheriff's Office and Daniel J. Coverly, violated the ADA by failing to make efforts at the time of their encounter with Plaintiffs to determine whether their behavior was the result of a disability. (*Id.* at 16.) Plaintiff also makes reference to John T. Harker. (*Id.*)

Plaintiffs contend that the First Judicial District Court then ordered Mr. Kozlowski to undergo a competency evaluation to determine whether he could complete a criminal proceeding and determine what services would be required. (*Id.* at 16-17.) It was reported that Mr. Kozlowski needed a note-taker to participate in criminal proceedings. (*Id.*) Plaintiffs then conclude that from March 8, 2010 to the present, his rights under the ADA were violated by the State of Nevada, Washoe County Sheriff's Office, Karen Dustman, Catherine Cortez Masto, Jim A. Early, Matthew Ence, Michael Gibbons, Thomas Gregory, Jamie C. Henry, Lee t. Hotchkin, Jr., Kathy Jackson, and Mark Jackson. (*Id.*)

Plaintiffs then aver again that Defendants failed to take appropriate steps to determine whether Plaintiffs' strange behavior was the result of a disability. (*Id.* at 18.) Plaintiffs then mention that they were made to wait outside in the extreme hot of summer and extreme cold of winter to communicate with law enforcement, and were denied services of the Douglas County Sheriff's Office. (*Id.*)

The court finds that Plaintiffs fail to state any plausible claim

for relief. To the extent they are attempting to state a claim under Title II of the ADA, they have alleged that they have been determined by the Social Security Administration as having a physical or mental impairment that limits one or more major life activities. (Doc. # 8 at 4-5.) They have not alleged, however, how they are disabled or that their disability comes within the definition of the term in the ADA. Moreover, even liberally construing the allegations of the amended complaint, the court cannot conclude that Plaintiffs have included factual allegations that indicate their rights have been violated under Title II of the ADA, *i.e.*, that they were denied services, programs or activities by a public entity. Plaintiffs' allegations are difficult to follow and do not make logical sense. In addition, they name various defendants who could not be construed as state actors. For these reasons, the amended complaint should be dismissed. Plaintiffs have been already been given an opportunity to correct the deficiencies of their action and have failed to do so.   Therefore, the dismissal of this action should be with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiffs' Amended Complaint be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' Motion for Service of Summons by United States Marshal (Doc. # 9) be **DENIED AS MOOT**.

Plaintiffs should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen

days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

August 25, 2014

WILLIAM G. COBB
U.S. MAGISTRATE JUDGE

- 7 -